UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Edison Guaman, | CIVIL ACTION NO: 3:15-cv-00353 |
| Plaintiff, | |
| v. | |
| Newtown Colony Diner, Inc. and George Marnelakis, | |
| Defendants. | March 9, 2015 |

## COMPLAINT

**I.   INTRODUCTION**

1. This is an action brought by the plaintiff, Edison Guaman, against the defendants, Newtown Colony Diner, Inc. and George Marnelakis, arising from the defendants' failure to lawfully pay the plaintiff wages for his work.  The plaintiff alleges violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the overtime and wage payment provisions of Connecticut General Statutes, §31-58 *et seq*.  The plaintiff seeks to equitably toll the statute of limitations.  The plaintiff seeks his unpaid wages, liquidated damages pursuant to the FLSA, double damages pursuant to Connecticut law, and his reasonable attorney's fees and costs.

**II.   JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this

judicial district.

## III. THE PARTIES

4. The plaintiff is Edison Guaman, a resident of Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce, and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6. Defendant Newtown Colony Diner, Inc. operates a restaurant called Blue Colony Diner and has a place of business at 66 Church Hill Road, Newtown, Connecticut.

7. Defendant George Marnelakis is an owner and manager of defendant Newtown Colony Diner, Inc. and resides at 108 Maple Tree Hill Road, Southbury, Connecticut.

8. At all times relevant to the Complaint, defendant George Marnelakis made all relevant decisions regarding the plaintiff's wages and working conditions.

9. At all times relevant to the Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV. STATEMENT OF FACTS

10. The plaintiff was employed by the defendants as a dishwasher from approximately 2000 to 2002 and as a cook from approximately 2002 until around February 1, 2015.

11. During the plaintiff's employment, the defendants did not post and keep posted a notice explaining the Fair Labor Standards Act, as prescribed by the U.S. Department of

Labor, Wage and Hour Division, in a conspicuous place in their establishment such as would permit the plaintiff or other employees to observe readily a copy, as required by 29 C.F.R. §516.4.

12. During the plaintiff's employment, the defendants did not post and keep posted the minimum wage and overtime regulations issued by the Labor Commissioner of the State of Connecticut at the place of employment where it could be read easily by its employees, as required by Connecticut General Statutes §31-66.

13. During the plaintiff's employment, the defendants did not furnish to the plaintiff in writing an accurate record of hours worked, the gross earnings showing straight time and overtime as separate entries, itemized deductions and net earnings, as required by Connecticut General Statutes §31-13a.

14. From approximately 2008 until around February 1, 2015, the defendants paid the plaintiff at the rate of $14.50 per hour.

15. The plaintiff worked a base schedule from 7:00am to 7:00 on Mondays and Tuesdays, 7:00am to 4:00pm on Wednesdays, and 9:00am to 7:00pm on Saturdays and Sunday, for a total of 53 hours per week.

16. Around once a month, the plaintiff also worked from 7:00am to 7:00pm on Sundays, for a total of 65 hours per week.

17. During weeks when the restaurant was especially busy or short-staffed, the plaintiff worked as many as 18-20 hours per day and up to 100 hours per week, including on several occasions during the summer of 2014.

18. The defendants always paid the plaintiff's wages in cash.

19. The defendants did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in each one week period.

20. On at least five occasions, the defendants deducted around $250.00 from his wages as a penalty for not being available to pick up Sunday shifts.

21. During the plaintiff's employment by the defendants, he did not discover the nature or extent of the defendants' violations of his right to be paid according to the law because, *inter alia*, the defendants failed to conspicuously post and provide to the plaintiff information mandated by federal and state law; the plaintiff does not speak or read English; and the plaintiff worked between 53 and 100 hours per week.

V.   COUNT ONE: FLSA AND CONNECTICUT OVERTIME VIOLATIONS

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 21, above.

22. The defendants' conduct in failing to pay the plaintiff wages at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty in each one week period violates both, 29 U.S.C. §207 and Conn.Gen.Stat. §31-76b.

23. The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the federal minimum wage and did not do so.

24. The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and refused to do so.

VI.   COUNT TWO: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 24, above.

25. The defendants failed to pay the plaintiff all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

26. The plaintiff brings this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that he is owed.

27. The defendants' failure to pay wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff and refused to do so.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully requests that this Court:

1. Order the defendants to pay to the plaintiff all wages owed, consistent with the Fair Labor Standards Act and Connecticut overtime and wage payment laws;

2. Award the plaintiff liquidated damages for all overtime wages owed pursuant to 29 U.S.C. §216(b);

3. Award the plaintiff double damages for all overtime and unpaid wages owed pursuant to Conn.Gen.Stat. §31-72;

4. Award the plaintiff his reasonable attorney's fees and costs; and

5. Award the plaintiff such other legal and equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED
        THE PLAINTIFF, by

        _____/ s /_____
        Mariusz Kurzyna ct28940
        The Law Office of Mariusz Kurzyna
        130 West Main Street, P.O. Box 3104
        New Britain, Connecticut 06050
        Tel. 860-357-6070
        Fax 860-606-9560
        mariusz@kurzynalaw.com