UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
EDISON GUAMAN                 :   Civ. No. 3:15CV00353(SALM)
                              :
v.                            :
                              :
NEWTOWN COLONY                :
DINER, INC., ET AL            :   September 25, 2015
                              :
------------------------------x
```

### ORDER RE: SETTLEMENT APPROVAL

On August 21, 2015, the undersigned held a settlement conference in this action where the parties reached an agreement to settle plaintiff's claims.[1] [Doc. #26]. Following the settlement conference, the parties consented to the undersigned's jurisdiction [Doc. #29] and filed a Joint Motion for Settlement Approval and Dismissal of Claims with Prejudice ("Joint Motion") [Doc. #28].

The "purpose" of the Joint Motion "is to request the Court's approval of the [settlement] Agreement in accordance with the requirements of the FLSA." [Doc. #28 at 2, ¶3]. The Joint Motion further states:

> The parties have agreed to keep the specific terms of their settlement confidential to the extent permitted by law. They therefore request that they be permitted to submit a copy of their Agreement to the Court for in camera review without filing it on the docket. To

---

[1] Plaintiff brought this action alleging violations of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Age. [Doc. #1].

1

> the extent the Court requires that the Agreement be filed with the Court, the parties will file a motion to seal pursuant to D. Conn. L. Civ. R. 5(e)(4)(C). [sic].

[Doc. #28 at 3, ¶8].

In the joint motion, the parties cite the recent Second Circuit case, Cheeks v. Freeport Pancake House, Inc., which addressed the unsettled question of "whether parties may settle FLSA claims with prejudice, without court approval or [Department of Labor] supervision, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Cheeks, 796 F.3d 199, 201 (2d Cir. 2015) (footnote omitted). The Second Circuit answered this question in the negative, and held that:

> Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work."

Id. at 206 (citation omitted).

Prior to this ruling, district courts in this Circuit considering the approval of FLSA settlements have routinely required that the subject settlement agreement be filed on the public docket in light of the policy considerations underlying approval of FLSA settlements, and absent a showing overcoming the presumption of public access. Accord Joo v. Kitchen Table,

2

Inc., 763 F. Supp. 2d 643, 645-48 (S.D.N.Y. 2011) ("[T]his Court joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access. Having found that the presumption applies, the Court must then 'balance the strong presumption of public access against any interests favoring nondisclosure.'" (citation omitted)); Mamani v. Licetti, No. 13CV7002(KMW)(JCF), 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014) ("Normally, a settlement agreement is not considered a judicial document; however, because in FLSA cases settlement agreements must be judicially approved, many courts have held that FLSA settlement agreements are judicial documents subject to the common law right of access ... Thus many courts have held that an FLSA settlement cannot be sealed or kept confidential absent some showing that overcomes the presumption of public access." (internal quotation marks and citations omitted)). Accordingly, unless the parties can make a showing that overcomes the presumption of public access to the settlement agreement, the Court will require the parties to file the settlement agreement on the public docket for the Court's consideration.

Therefore, within ten (10) days of this order, the parties shall either (1) file the settlement agreement on the public docket for the Court's consideration; (2) file a motion to seal

3

the settlement agreement if the parties can make a showing that confidentiality concerns outweigh the presumption of public access to the agreement; or (3) file a notice with the Court with a showing that the Cheeks ruling is inapplicable to this matter, along with supporting case law and argument.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #29] on September 21, 2015, with appeal to the Court of Appeals.

SO ORDERED at New Haven, Connecticut this 25th day of September 2015.

    /s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE