```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
EDISON GUAMAN                 :    Civ. No. 3:15CV00353(SALM)
                              :
v.                            :
                              :
NEWTOWN COLONY                :
DINER, INC., ET AL            :    October 6, 2015
                              :
------------------------------x
```

**<u>ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL [Doc. #28]</u>**

On March 9, 2015, plaintiff Edison Guaman ("plaintiff") filed a complaint against defendants Newtown Colony Diner, Inc. and George Marnelakis (collectively the "defendants"). [Doc. #1]. The complaint alleges that defendants failed to pay plaintiff overtime wages in violation of both the Connecticut Minimum Wage Act and the federal Fair Labor Standards Act ("FLSA") (Count One) and failed to pay him wages owed in violation of Section 31-72 of the Connecticut General Statutes (Count Two).

On June 23, 2015, Judge Janet C. Hall referred this matter to the undersigned for a settlement conference [Doc. #20], which was conducted on August 21, 2015. [Doc. ##24, 26]. Plaintiff and defendants reached agreement on the material terms of a settlement at this conference. [Doc. #31]. The settlement agreement provides that the plaintiff will release all claims against the defendants in exchange for payment of $38,000, of

1

which $5,000 would be allocated to plaintiff's counsel as attorney's fees and costs. [Doc. #31 at 2, ¶1]. The parties now move for approval of the settlement and dismissal of plaintiff's claims with prejudice. [**Doc. #28**]. For the reasons articulated below, the Court **GRANTS** the Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice [**Doc. #28**], the parties' settlement is **APPROVED,** and plaintiff's claims are **DISMISSED, with prejudice.**

## APPROVAL OF THE SETTLEMENT

The Second Circuit recently resolved the previously unsettled question of "whether parties may settle FLSA claims with prejudice, without court approval or [Department of Labor ("DOL")] supervision, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 201 (2d Cir. 2015) (footnote omitted). The Second Circuit held that court or DOL approval is required:

> Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work."

Id. at 206 (citation omitted). The Court therefore must review a proposed settlement and determine whether it is fair in light of

the particular circumstances of the case and in light of the remedial purposes of the FLSA:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

A court may approve an FLSA settlement reached as a result of contested litigation if it determines that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); see also Aros v. United Rentals, Inc., No. 3:10CV00073(JCH) and related cases, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012).

Having assisted the parties in mediating this dispute, the Court is in a good position to evaluate the fairness of the proposed agreement. The Court finds that the proposed settlement agreement is fair and reasonable and satisfies the requirements for settlement approval under federal law as summarized in

Wolinsky.[1] (1) The proposed settlement amount is reasonable in light of the plaintiff's range of possible recovery. (2) The agreement was reached while this case was in its early stages; minimal discovery had been conducted and no dispositive motions had been filed, enabling the parties to avoid substantial expense in pursuing their claims and defenses. (3) There were significant factual disputes, including questions of possible offsets to any unpaid overtime hours and the number of hours actually worked by the plaintiff, presenting serious litigation risks to both parties. (4) The agreement is the product of arm's-length bargaining between two parties represented by qualified counsel with experience in this field. (5) The Court sees no possibility of fraud or collusion.

The FLSA settlement in this case was the result of contested litigation and arm's length negotiations facilitated by the undersigned; accordingly, approval of the agreement is appropriate. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) ("If the proposed FLSA settlement reflects a

---

[1] Although the settlement agreement contains a confidentiality provision, the parties agreed to its filing on the public docket; accordingly, the confidentiality term does not render the agreement otherwise unenforceable. [Doc. #31]. Compare Wolinsky, 900 F. Supp. 2d at 334, 337-40 (finding that confidentiality provision in proposed settlement agreement warranted denying the approval of settlement, where parties submitted agreement for confidential in camera review and/or requested that the agreement be filed under seal).

reasonable compromise over contested issues, it should be approved." (citation omitted)).

## AWARD OF FEES AND COSTS TO PLAINTIFF'S COUNSEL

"The FLSA provides for 'reasonable' attorneys' fees." Aros, 2012 WL 3060470, at *4 (citing 29 U.S.C. §216(b)).

> The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined. Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. Where the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees.

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (internal citations and quotation marks omitted).

"Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Aros, 2012 WL 3060470 at *4 (quoting Sand v. Greenberg, No. 08CV7840(PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (internal quotation marks omitted)). "Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA." Id. (collecting cases).

The settlement agreement provides for payment to plaintiff's counsel, The Law Office of Mariusz Kurzyna, of $5,000 in attorney's fees and costs. The Court finds this fee reasonable. The requested fee is reasonable in light of plaintiff's counsel's work performed to date, including the identifying, investigating, and prosecuting of plaintiff's claims, which contributed to the successful resolution of those claims. See Aros, 2012 WL 3060470, at *7. The Court further finds that the settlement does not favor plaintiff's counsel over plaintiff himself; indeed, it represents a far smaller percentage of the total stipulated settlement than is called for by many standard contingency fee arrangements.

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS** the Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice [**Doc. #28**]. The parties' settlement agreement is **APPROVED**, and this case and the claims of plaintiff are **DISMISSED, with prejudice**, in their entirety, without an award of costs to any party, except as specifically provided for in the settlement agreement and in this Order.

The Court retains jurisdiction over this action for the purpose of enforcing the settlement agreement. The parties shall abide by the terms of the settlement agreement, and this Order.

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #29] on September 21, 2015, with appeal to the Court of Appeals.

SO ORDERED at New Haven, Connecticut this 6th day of October, 2015.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
